1   IGNACIA S. MORENO
    Assistant Attorney General
2   Environment and Natural Resources Division
    EILEEN T. MCDONOUGH
3   Trial Attorney
    United States Department of Justice
4   Environmental Defense Section
    P.O. Box 7611
5   Washington, DC 20044
6   Telephone: (202) 514-3126
    Fax: (202) 514-8865
7   Email: eileen.mcdonough@usdoj.gov
    *Attorneys for Defendants*
8

9

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15   WILDEARTH GUARDIANS,              Case No. 3:11-CV-05651-YGR

16          Plaintiff,                 DEFENDANT'S MEMORANDUM
                                       IN SUPPORT OF MOTION TO
17   v.                                DISMISS FIRST CLAIM

18   LISA JACKSON, in her official capacity    NOTICED FOR HEARING
19   as Administrator of the Environmental     MARCH 13, 2012 AT 2:00 PM
     Protection Agency,
20
            Defendant.
21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF CONTENTS

INTRODUCTION..................................................................................................1

STATEMENT OF ISSUE........................................................................................2

BACKGROUND.....................................................................................................2

I.      STATUTORY AND REGULATORY BACKGROUND.......................................2

        A.      Citizen Suit Provision....................................................................2

        B.      The Ozone NAAQS..........................................................................3

        C.      Implementation Plans.....................................................................4

        D.      Prevention of Significant Deterioration of Air Quality.................5

STANDARD OF REVIEW.......................................................................................7

ARGUMENT.........................................................................................................7

I.      THE COURT LACKS JURISDICTION OVER GUARDIANS'
        FIRST CLAIM BECAUSE GUARDIANS IS MISTAKEN
        IN ALLEGING THAT CAA SECTION 166(a) IMPOSES A
        NONDISCRETIONARY DUTY WITH RESPECT TO THE
        2008 OZONE NAAQS REVISION WITHIN THE SCOPE OF
        JURISDICTION UNDER THE CITIZEN SUIT PROVISION.............................7

CONCLUSION.....................................................................................................10

1

## <u>TABLE OF AUTHORITIES</u>

2

**FEDERAL CASES**

3

4   <u>American Petroleum Inst.v. Costle</u>,
       665 F.2d 1176 (D.C. Cir. 1981) ..................................................................................... 4

5   <u>BFP v. Resolution Trust Corp.</u>,
6      511 U.S. 531 (1994) ........................................................................................................ 9

7   <u>Kennecott Copper Corp. v. Costle</u>,
       572 F.2d 1349 (9th Cir. 1978) ......................................................................................... 3
8

9   <u>Kokkonen v. Guardian Life Ins. Co.</u>,
       511 U.S. 375 (1994) ........................................................................................................ 7
10

11  <u>Marley v. United States</u>,
       567 F.3d 1030 (9th Cir. 2009) ......................................................................................... 9

12
    <u>Owen Equip. & Erection Co. v. Kroger</u>,
13     437 U.S. 365 (1978) ........................................................................................................ 7

14  <u>Paul Revere Ins. Group v. United States</u>,
       500 F.3d 957 (9th Cir. 2007) ........................................................................................... 9
15

16  <u>Russello v. United States</u>,
       464 U.S. 16 (1983) .......................................................................................................... 9

17
    <u>Sierra Club v. Thomas</u>,
18     828 F.2d 783 (D.C. Cir. 1987) ......................................................................................... 2

19  <u>Tosco Corp. v. Communities for a Better Env't</u>,
       236 F.3d 495 (9th Cir. 2001) ........................................................................................... 7
20

21
    **STATUTES**
22

23  42 U.S.C. § 7406(a) ............................................................................................................. 8

24  42 U.S.C. § 7408 ................................................................................................................. 3

25  42 U.S.C. § 7408(a)(1) ........................................................................................................ 3

26   Motion to Dismiss First Claim                                    Case No. 11-cv-05651-YGR

27

28

42 U.S.C. § 7408(a)(2) ..................................................................................... 3

42 U.S.C. § 7409 .............................................................................................. 3

42 U.S.C. § 7409(a)-(b) ................................................................................... 3

42 U.S.C. § 7409(d)(1) ................................................................................. 3,8

42 U.S.C. § 7410(a) .......................................................................................... 2

42 U.S.C. § 7410(a)(1) ................................................................................. 4,8

42 U.S.C. § 7410(a)(2) ..................................................................................... 4

42 U.S.C. § 7410(k)(1)(B) ............................................................................... 2

42 U.S.C. §§ 7470-7479 .............................................................................. 5, 6

42 U.S.C. § 7471 .............................................................................................. 5

42 U.S.C. § 7475 .............................................................................................. 5

42 U.S.C. § 7476 .............................................................................................. 5

42 U.S.C. § 7476(a) ...................................................................................... 2, 6

42 U.S.C. § 7604(a)(2) .................................................................................. 1, 2

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(b)(1) .......................................................................... 2, 7, 10

**CODE OF FEDERAL REGULATTIONS**

40 C.F.R. § 50.15 ............................................................................................. 4

40 C.F.R. § 51.166 ........................................................................................ 6, 7

40 C.F.R. § 51.166(b)(23)(i) ........................................................................... 7

40 C.F.R. § 51.166(b)(49)(1) ........................................................................... 7

Motion to Dismiss First Claim                    Case No. 11-cv-05651-YGR

40 C.F.R. § 51.166(j) ........................................................................................................ 7

40 C.F.R. § 51.166(k)(i)(i) ............................................................................................... 7

40 C.F.R. § 52.21(a)(1) ................................................................................................. 6, 7

40 C.F.R. § 52.21(b)(23)(i) .............................................................................................. 7

40 C.F.R. § 52.21(b)(50)(1) ............................................................................................. 7

40 C.F.R. § 52.21(j) ......................................................................................................... 7

40 C.F.R. § 52.21(k)(1)(i) ................................................................................................ 7

**FEDERAL REGISTER**

36 Fed. Reg. 1502 (Jan. 30, 1971) ................................................................................... 4

36 Fed. Reg. 8186 (April 30, 1971) ................................................................................. 4

43 Fed. Reg. 26,388 (June 19, 1978) ............................................................................... 7

44 Fed. Reg. 8202 (Feb. 8, 1979) .................................................................................... 4

67 Fed. Reg. 80,186 (Dec. 31, 2002) ............................................................................... 6

73 Fed. Reg. 16,511 (Mar. 27, 2008) .......................................................................... 4,10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Motion to Dismiss First Claim                    Case No. 11-cv-05651-YGR

**INTRODUCTION**

Plaintiff WildEarth Guardians ("Guardians") filed this action pursuant to section 304(a)(2) of the Clean Air Act ("CAA" or "the Act"), 42 U.S.C. § 7604(a)(2), which provides the federal district courts with jurisdiction to hear actions alleging that EPA has failed to perform a nondiscretionary duty required by the Act. Plaintiff's first claim alleges that EPA failed to perform a nondiscretionary duty under CAA section 166(a) to promulgate regulations to prevent the significant deterioration ("PSD") of air quality for the pollutant ozone within two years of March 12, 2008, when the Agency promulgated revisions to the national ambient air quality standards ("NAAQS") for ozone ("2008 Revised Ozone NAAQS"). Complaint ("Compl.") ¶¶ 31-36 (citing 42 U.S.C. § 7476(a)).

Guardians, however, has misinterpreted the plain language of section 166(a). The part of section 166(a) Guardians relies upon requires EPA to take action based on the promulgation of a NAAQS for a pollutant. This provision does not impose a mandatory duty triggered by EPA's revision of an existing NAAQS. There are a number of CAA provisions where Congress has established nondiscretionary duties triggered by either the promulgation or revision of a NAAQS. For example, Congress explicitly imposed a mandatory duty for EPA to review the NAAQS every five years and to revise the NAAQS themselves, if appropriate. CAA section 110(a), 42 U.S.C. § 7410(a). *See also* CAA provisions cited *infra* at 8 (requiring action after both promulgation and revision of NAAQS). Because Congress omitted any similar reference to revisions to a NAAQS in drafting section 166(a), that section cannot be construed as establishing a mandatory duty triggered

Motion to Dismiss First Claim

Case No. 11-CV-05651-YGR

1   by a revision to an existing NAAQS.[1]

2       Because Guardians cannot show that the duty alleged in its first claim is nondiscretionary

3   under the CAA, the first claim is outside the scope of the jurisdiction provided to this Court by the

4   citizen suit provision.  Accordingly, pursuant to Fed. R. Civ. P. 12(b)(1), Guardians' first claim

5   should be dismissed for lack of subject matter jurisdiction.

6

7   **STATEMENT OF ISSUE**

8       Whether Guardians can establish that CAA section 166(a) imposes a nondiscretionary duty

9   on EPA to promulgate PSD rules within two years after a revision to a NAAQS for  a pollutant for

10  which a NAAQS was promulgated earlier even though the plain language of section 166(a) only

11  requires such action for pollutants for which NAAQS are promulgated after August 7, 1977, and,

12  unlike other CAA provisions, does not require specific action when an existing NAAQS is revised.

13  **BACKGROUND**

14

15  **I.**    **STATUTORY AND REGULATORY BACKGROUND**

16      **A.**    **Citizen Suit Provision**

17      In CAA section 304(a)(2), Congress provided that any person can sue the Administrator of

18  EPA "where there is alleged a failure of the Administrator to perform any act or duty under this

19  chapter which is not discretionary."  42 U.S.C. § 7604(a)(2).  The D.C. Circuit has explained that,

20  under this provision, "the district court has jurisdiction over claims alleging that the agency has

21  violated a nondiscretionary duty of timeliness."  *Sierra Club v. Thomas*, 828 F.2d 783, 790 (D.C.

22

23  _____

24  [1]  EPA does not contest the Court's jurisdiction over the second claim, which alleges that EPA
    failed to make a timely finding under by CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B), that

25  many states had failed to submit the state implementation plans required by section 110(a)(1)after
    the 2008 Revised Ozone NAAQS were promulgated.

26

27  2

28

Motion to Dismiss First Claim                                           Case No. 11-CV-05651-YGR

1   Cir. 1987). The Ninth Circuit has emphasized that the scope of jurisdiction provided by this section

2   must be read narrowly. *Kennecott Copper Corp. v. Castle*, 572 F.2d 1349, 1353 (9th Cir. 1978)

3   ("Thus, the non-discretionary duty requirement imposed by § 304 must be read in light of the

4   Congressional intent to use this phrase to limit the number of citizen suits which could be brought

5   against the Administrator and to lessen the disruption of the Act's complex administrative process.").

6

7

8   **B.    The Ozone NAAQS**

9       Two sections of the Act govern the establishment and revision of the NAAQS. Section 108

10  of the CAA, 42 U.S.C. § 7408, directs the Administrator to identify and list certain air pollutants and

11  then to issue air quality criteria for those pollutants. The Administrator is to list those air pollutants

12  that in her "judgment, cause or contribute to air pollution which may reasonably be anticipated to

13  endanger public health or welfare;" "the presence of which in the ambient air results from numerous

14  or diverse or mobile or stationary sources;" and "for which . . . [the Administrator] plans to issue air

15  quality criteria." 42 U.S.C. § 7408(a)(1). The statute provides that EPA was to publish a list of

16  such pollutants by January 31, 1971, and to revise the list "from time to time." *Id.* Within one year

17  after a pollutant is added to the list, EPA must publish air quality criteria for that pollutant, *id.* §

18  7408(a)(2).

19

20

21      Section 109, 42 U.S.C. § 7409, then directs the Administrator to propose and promulgate

22  NAAQS for each pollutant for which air quality criteria are issued at levels sufficient to protect the

23  public health and welfare. Congress also set a deadline of January 31, 1971 for issuance of NAAQS

24  for those pollutants for which air quality criteria had previously been issued. CAA section 109(a)-

25  (b), 42 U.S.C. § 7409(a)-(b). Section 109(d) further provides that every five years EPA must review

26

27                                          3

28
Motion to Dismiss First Claim                              Case No. 11-CV-05651-YGR

1   the air quality criteria and NAAQS for each pollutant and revise the criteria and NAAQS and

2   promulgate new NAAQS "as may be appropriate" in accordance with sections 108 and 109(b).

3       Air quality criteria had been issued for photochemical oxidants prior to December 31,

4   1971, and in 1971 EPA issued NAAQS to address this pollutant. 36 Fed. Reg. 1502 (Jan. 30,

5   1971), 36 Fed. Reg. 8186 (April 30, 1971). EPA used "photochemical oxidants" as the chemical

6   species indicator for the 1971 NAAQS. EPA revised these NAAQS in 1979 and, as part of the

7   revision, modified the indicator for the standard to focus on "ozone" because it was the

8   
9   photochemical oxidant measured to implement the original standard. Ozone is the largest class

10  of photochemical oxidants found in the ambient air. It is not usually emitted directly by sources,

11  but instead is primarily formed in the air by "chemical reactions between oxidant precursors

12  (nitrogen oxides and organic compounds) in the presence of sunlight." 44 Fed. Reg. 8202, 8202

13  (Feb. 8, 1979).

14  
15      EPA thus changed the title of the NAAQS to refer to "ozone" rather than "photochemical

16  oxidants." 44 Fed. Reg. at 8219-20. *See American Petroleum Inst. v. Costle*, 665 F.2d 1176, 1186

17  (D.C. Cir. 1981). EPA has periodically reviewed and revised the ozone NAAQS. As a result of the

18  most recent review, EPA issued revised ozone NAAQS in 2008. 73 Fed. Reg. 16,511 (Mar. 27,

19  2008) (codified at 40 C.F.R. § 50.15).

20  
21  **C.    Implementation Plans**

22      The Act provides that each State must prepare an implementation plan, or "SIP," that

23  provides for the implementation, maintenance and enforcement of the NAAQS in each air quality

24  control region within the State. *Id.* § 7410(a)(1) & (a)(2). If a State fails to submit a SIP required by

25  the Act, EPA must promulgate a federal implementation plan ("FIP"). The States must submit SIPs

26  
27                                          4

28

1    within no more than three years after promulgation or revision of a NAAQS. *Id.* § 7410(a)(1).

2    **D.     Prevention of Significant Deterioration of Air Quality**

3         CAA sections 160 to 169, 42 U.S.C. §§ 7470-7479, establishes requirements to prevent

4    significant deterioration of air quality in areas that have been designated as attainment or

5    unclassifiable for any NAAQS.  This program, referred to as the "PSD program," is carried out as

6    part of the CAA's implementation planning process. *Id.* § 7471.  Section 161 requires that each SIP

7    or FIP must include "emission limitations and such other measures as may be necessary, as

8    determined under regulations promulgated under this part, to prevent significant deterioration of air

9    quality in each region (or portion thereof) designated pursuant to section 7407 of this title as

10   attainment or unclassifiable." *Id.* § 7471.  A major component of the PSD program is a pre-

11   construction permitting requirement for large sources.   *Id.* § 7475.  Congress also established

12   pollutant-specific PSD requirements for particulate matter and sulfur dioxide in section 163 of the

13

14   Act.

15

16       Section 166 of the Act requires EPA to promulgate pollutant-specific PSD rules for

17   additional named pollutants, including "photochemical oxidants," no later than two years after

18   August 7, 1977. Separately, it requires EPA to promulgate such rules for other pollutants for which

19   NAAQS are promulgated after August 7, 1977.  42 U.S.C. § 7476.  Subsection 166(a) is captioned

20   "hydrocarbons, carbon monoxide, photochemical oxidants, and nitrogen oxides." (As noted above,

21   EPA's regulations now use ozone as the chemical species indicator for the NAAQS that address the

22   pollutant "photochemical oxidants.")  Section 166(a) provides:

23

24       In the case of the pollutants hydrocarbons, carbon monoxide, photochemical
25       oxidants, and nitrogen oxides, the Administrator shall conduct a study and not later
         than two years after August 7, 1977, promulgate regulations to prevent the significant
26

27                                                   5

28

deterioration of air quality which would result from the emissions of such pollutants. In the case of pollutants for which national ambient air quality standards are promulgated after August 7, 1977, he shall promulgate such regulations not more than 2 years after the date of promulgation of such standards.

42 U.S.C. § 7476(a). Subparts (b), (c), and (d) of section 166 address the effective date, the necessary contents, and the specific measures to fulfill certain statutory goals and purposes that are required for such regulations.

EPA has promulgated regulations to implement the PSD program, which operates predominantly through EPA-approved state programs. *See* 40 C.F.R. § 51.166. EPA also manages a federal PSD program, which it administers in the absence of an approved state program, and which some states administer on behalf of EPA under authority delegated by EPA. *See* 40 C.F.R. § 52.21(a)(1). Thus, EPA has adopted two sets of PSD regulations that are codified as part of the implementation planning regulations. In 40 C.F.R. § 51.166, EPA established the requirements for the PSD programs to be included in any SIP. *See id.* § 51.166(a)(1) (requiring state plans to contain emission limitations and such other measures as may be necessary to prevent significant deterioration of air quality); *id.* § 52.21(a)(1) (provisions applicable to state implementation plans that have been disapproved and federal PSD program).

The PSD program has applied to ozone since the late 1970s and continues to do so. One indication of this is that the Best Available Control Technology ("BACT") requirement in 40 C.F.R. §§ 51.166(j) and 52.21(j) applies to each regulated New Source Review pollutant, which includes ozone. *See* 43 Fed. Reg. 26,388, 26,397 (June 19,1978) (explaining that BACT covers "all criteria pollutants subject to NAAQS review"); *see also* 67 Fed. Reg. 80,186, 80,240 (Dec. 31, 2002) (listing "ozone (VOC)" as one of the pollutants subject to federal PSD review and permitting requirements).

6

1   As another indication, the PSD permitting rules contain provisions that specifically relate to ozone.

2   *See e.g. id.* § 51.166(b)(23)(i) (setting significant emission rates for pollutants, including ozone); *id.*

3   § 52.21(b)(23)(i) (same). In addition, EPA regulations require a showing that a source will not cause

4   or contribute to a violation of any NAAQS. *Id.* § 51.166(k)(1)(i); § 52.21(k)(1)(i). As these

5   provisions make clear, ozone is a pollutant that is addressed by existing PSD regulations. *See also,*

6   *id.* § 51.166(b)(49)(1) (defining "regulated NSR pollutant" to include any for which a NAAQS has

7   been promulgated); § 52.21(b)(50)(1).

8

9   **STANDARD OF REVIEW**

10   Fed. R. Civ. P. 12(b)(1) authorizes a motion to dismiss based on lack of subject matter

11   jurisdiction. Where Congress place limits on the jurisdiction of federal courts, such limits "[m]ust be

12   neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

13   The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v.*

14   *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Tosco Corp. v. Communities for a Better Env't*,

15

16   236 F.3d 495, 499 (9th Cir. 2001).

17

18   **ARGUMENT**

19   **I.    THE COURT LACKS JURISDICTION OVER GUARDIANS' FIRST CLAIM
       BECAUSE GUARDIANS IS MISTAKEN IN ALLEGING THAT CAA SECTION
20     166(a) IMPOSES A NONDISCRETIONARY DUTY WITH RESPECT TO THE
       2008 OZONE NAAQS REVISION WITHIN THE SCOPE OF JURISDICTION
21     UNDER THE CITIZEN SUIT PROVISION**

22   Guardians alleges that CAA section 166(a) requires EPA to promulgate PSD rules within two

23   years after the "revision or establishment of a NAAQS after 1977." Compl. ¶ 18. The statute,

24   however, does not require the EPA to promulgate new PSD rules when it subsequently makes

25   changes to existing NAAQS. Section 166(a) requires:

26

27   7

28

Motion to Dismiss First Claim                                      Case No. 11-CV-05651-YGR

1    In the case of the pollutants hydrocarbons, carbon monoxide, photochemical
     oxidants, and nitrogen oxides, the Administrator shall conduct a study and not later
2    than two years after August 7, 1977, promulgate regulations to prevent the significant
     deterioration of air quality which would result from the emissions of such pollutants.
3     In the case of pollutants for which national ambient air quality standards are
     promulgated after August 7, 1977, he shall promulgate such regulations not more
4    than 2 years after the date of promulgation of such standards.

5

6    42 U.S.C. § 7406(a) (emphasis added).  Congress did not require any action after a revision to an

7    existing NAAQS.

8
        Where Congress intended to impose a mandatory duty under the CAA that would be
9
     triggered by the *revision* of a NAAQS rather than its original promulgation, it has done so explicitly,
10
     as illustrated by the following examples:
11

12        1.      Section 109(d)(1) requires that, every five years, EPA must review the air quality

13                criteria published under CAA section 108 and the NAAQS promulgated under

14                section 109(a) "and shall make such *revisions* in such criteria and standards and

15                promulgate such new standards as may be appropriate." (emphasis added).

16
          2.      Section 110(a)(1) requires that the States shall submit SIPs "within 3 years ( . . . ) of
17
                  the promulgation of a [NAAQS] (*or any revision thereof*)." (emphasis added).
18

19        3.      Section 107(d)(1)(B)(i) requires that "[u]pon promulgation *or revision* of a

20                [NAAQS]," the Administrator shall promulgate certain submitted designations of

21                areas as being in nonattainment, attainment, or unclassifiable, "as expeditiously as

22                practicable, but in no case later than 2 years from the date of promulgation of the new

23                or *revised* [NAAQS]." (emphasis added).
24

25        4.      Section 307(d)(1)(a) makes specific rulemaking requirements applicable to "the

26

27                                              8

28

1    promulgation *or revision* of any [NAAQS]."  (emphasis added).

2    42 U.S.C. §§ 7409(d)(1), 7410(a)(1), 7407(d)(1)(B)(i), 7607(d)(1)(a).

3        Section 166(a) is distinguishable from these provisions because it does not require EPA to

4    promulgate PSD regulations, or indeed to take any action, after the "revision" of a NAAQS. Indeed,

5    section 166(a) does not mention revision of a NAAQS at all.  Instead, it refers to the promulgation of

6    PSD rules by August 7, 1977 for ozone and other original criteria pollutants or within two years of

7

8    promulgation of a NAAQS for "pollutants for which national ambient air quality standards are

9    promulgated after August 7, 1977."

10       The omission of any reference to revising PSD rules or taking action after a NAAQS *revision*

11   should be construed as showing that Congress did not intend to impose any such mandatory duty.

12

13   *See Marley v. United States*, 567 F.3d 1030, 1037 (9th Cir. 2009) ("Where Congress 'includes

14   particular language in one section of a statute but omits it in another section of the same Act, it is

15   generally presumed that Congress acts intentionally and purposely in the disparate inclusion or

16   exclusion.'"), (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983); *Paul Revere Ins. Group v.*

17   *United States*, 500 F.3d 957, 962 (9th Cir. 2007) ("[I]t is generally presumed that Congress acts

18   intentionally and purposely when it includes particular language in one section of a statute but omits

19

20   it in another.") (quoting *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537 (1994)).  Accordingly,

21   Guardians' claim that section 166(a) imposes a mandatory duty for EPA to promulgate PSD rules

22   within two years after a NAAQS for a particular pollutant has been *revised* must be rejected.

23       The original NAAQS covering photochemical oxidants were promulgated before 1977.  EPA

24   began using the ozone indicator for photochemical oxidants in 1979.  The ozone NAAQS have been

25   subsequently revised, most recently in 2008.  In claiming that the 2008 ozone NAAQS revision

26

27                                              9

28
Motion to Dismiss First Claim                                Case No. 11-CV-05651-YGR

1   triggered a mandatory duty to promulgate PSD rules, Guardians is asking the Court to construe

2   section 166(a) as if it created a mandatory duty to write PSD regulations under section 166(a) any

3   time a NAAQS is promulgated *or revised* after August 7, 1977.  This construction is unfounded.

4          Guardians' complaint relies on the second sentence of section 166(a), which addresses EPA's

5   obligations with respect to *pollutants* for which NAAQS are promulgated after August 7, 1977, but

6   not necessarily every NAAQS rulemaking after that date.  This sentence does not apply to the EPA's

7   2008 ozone NAAQS revision because a NAAQS covering this pollutant (ozone) was first

8   promulgated many years earlier.  More importantly, the second sentence of section 166(a), like the

9   first, does not impose any mandatory duty triggered by the revision of a NAAQS.  In 2008, EPA

10  made explicitly clear that the Agency was revising the existing NAAQS for ozone—not establishing

11  a NAAQS for an additional pollutant.  73 Fed. Reg. at 16,436 ("Summary of Revisions to the O3

12  NAAQS").  Therefore, the Agency's obligation under the second sentence of section 166(a) to

13

14  promulgate PSD rules after promulgation of a NAAQS for a pollutant within two years was not

15  triggered.  Because there is no duty mandated by section 166(a) with respect to the ozone NAAQS

16  revision that EPA has failed to perform, the first claim in Guardians' complaint must be dismissed as

17  outside the scope of jurisdiction authorized by the CAA's citizen suit provision.

18

19

20                                  **CONCLUSION**

21          Guardians' first claim, that EPA had a mandatory duty, which it failed to perform, to

22  promulgate PSD rules within two years after revising the ozone NAAQS should be dismissed for

23  lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

24                                  Respectfully submitted,

25                                  IGNACIA S. MORENO
                                    Assistant Attorney General
26                                  Environment and Natural Resources Division

27                                          10

28
Motion to Dismiss First Claim                          Case No. 11-CV-05651-YGR

1

2

3

4

5

6

7   Of Counsel:

8   Geoffrey Wilcox
    Melina Williams
9   EPA Office of General Counsel

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

 /s/  Eileen T. McDonough
EILEEN T. MCDONOUGH
Trial Attorney
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Telephone:  (202)514-3126
Fax: (202) 514-8865
Email: eileen.mcdonough@usdoj.gov

*Attorneys for Defendant*

11

Motion to Dismiss First Claim

Case No. 11-CV-05651-YGR