UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>    Plaintiff,<br><br>vs.<br><br>LISA JACKSON, in her official capacity as Administrator of the Environmental Protection Agency,<br><br>    Defendant. | Case No.: 11-cv-5651-YGR<br>And consolidated action 11-cv-5694-YGR<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 27, 2012, AT 2:00 P.M.

The Court has reviewed the parties' papers. The parties are directed to be prepared to address: (1) any authority supporting their respective interpretations of the "plain meaning" of 42 U.S.C. §7476(a); (2) the context of §7476(a) in the overall Clean Air Act scheme, particularly the requirements in 42 U.S.C. §§ 7407, 7409, and 7410; and (3) any legislative history relevant to the question of statutory interpretation before the Court. The foregoing would include, but not be limited to, the following:

1. Relative to interpretation of the difference, if any, between the first sentence and the second sentence in 42 U.S.C. § 7476(a):
    a. If the statute was read to require issuance of PSD regulations only once, *i.e.* when a NAAQS was first established for a pollutant but not when an NAAQS was revised

      later, could and/or would such a reading create a situation where states would have inconsistent requirements for their SIPs and PSD permit programs? If yes, could those inconsistent requirements create an "impossibility" in terms of compliance or any other compliance predicament which could be deemed "absurd." Would it depend on the scope of the revision? If so, what gradations exist in terms of the impact of a revision?

  b. Conversely, why is it an "absurd" result to interpret 42 U.S.C. § 7476(a) as meaning that PSD regs only need to be promulgated once, upon establishment of an initial NAAQS for a pollutant? Can the statute can be read to require PSD regulations for "hydrocarbons, carbon monoxide, photochemical oxidants [aka "ozone"], and nitrogen oxides" as of August 7, 1979, and all *other* pollutants within two years after the promulgation of an NAASQ for that pollutant. Is there something inherent about the nature of regulating in this area that would require the second sentence of the statute to be read as all "pollutants" *including those previously identified* in the first sentence?

  c. What legislative history, if any, concerning 42 U.S.C. § 7476 would shed light on whether the second sentence was intended to include a revised NAAQS?

2. Has EPA previously revised PSD regulations when it has revised a pollutant's NAAQS? If so, when and under what circumstances.

3. Is it correct to say that revisions to particulate matter standards (*i.e.*. creation of PM10 and PM2.5 to replace the original particulate matter increments) were considered by EPA as triggering new PSD regulations under Section 7476(a)? If so, why should these revisions be treated differently from the revision of the NAAQS for ozone?

4. If 42 U.S.C. § 7409 requires review of a pollutant's NAAQS at 5-year intervals, and revision of the NAAQS as appropriate based on that review, would it be consistent to say that the PSD regulations based on the NAAQS are required to be reviewed upon revision of the NAAQS? How can the review and revision requirement in 42 U.S.C. § 7409 be read in harmony with 42 U.S.C. § 7476(a)?

2

5. What is the significance, if any, of the use of the words "revised" and "promulgated" in 42 U.S.C. § 7409(b)(1) and (2)? How is it different, if at all, from the use of the word "promulgate" in 42 U.S.C. §7409(d)(1) which states that "[the Administrator] shall make such revisions in such criteria and standards and promulgate such new standards as may be appropriate in accordance with section 7408 of this title and subsection (b) of this section"? The latter seems to suggest that new/revised standards can be "promulgated," *i.e.* that the verb "promulgate" is intended to encompass not just original issuance but also revisions.

6. What legislative history, if any, would shed light on when the words "(or any revision thereof)" were added to 42 U.S.C. § 7410. Were any similar revisions to 42 U.S.C. § 7476 considered at that time or any other time?

If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* Civil L. R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

**IT IS SO ORDERED.**

Dated: March 23, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3