United States District Court
Northern District of California

1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

15

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>     Plaintiff,<br><br>     vs.<br><br>LISA P. JACKSON, in her official capacity as Administrator of the United States Environmental Protection Agency,<br><br>     Defendant. | **Case No.: 11-CV-5651 YGR**<br>**and Consolidated Case No.: 11-CV-05694 YGR**<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; VACATING CASE MANAGEMENT AND OTHER HEARING DATES** |

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs WildEarth Guardians, Midwest Environmental Defense Center, and Sierra Club

("Plaintiffs") moved for summary judgment on all claims in both of these consolidated cases.[1]

Defendant Lisa Jackson, in her official capacity as Administrator of the United States

Environmental Protection Agency ("EPA") filed a cross-motion for summary judgment, seeking

dismissal of Plaintiffs' claims as they relate to states that have since complied with statutory

requirements to submit a state implementation plan.

After consideration of the evidence and arguments submitted by the parties, and in light of

---

[1] On May 7, 2012, the Court granted EPA's Motion to Dismiss Mandatory Duty Claims as to Claim Two of MidWest Environmental Defense Center and Sierra Club's Second Amended Complaint and Claim One of WildEarth Guardians' Complaint. (Dkt. No. 40.) Partial judgment was issued on these claims on July 12, 2012. (Dkt. No. 51.) As a result, Plaintiffs' Motion for Summary Judgment is moot with respect to these claims.

United States District Court
Northern District of California

the parties' substantial agreement as to the findings herein, the Court finds that there is no triable issue of material fact and that Plaintiffs are entitled to judgment as a matter of law for the reasons stated herein.

**Mandatory Duty to Make Findings Of Failure to Submit Infrastructure SIPs**

1. EPA promulgated a National Ambient Air Quality Standard ("NAAQS") for ozone on March 12, 2008.  73 Fed. Reg. 16436 (Mar. 27, 2008).

2. All States, as that term is defined in 42 U.S.C. § 7602(d), are required to submit the listed elements of State Implementation Plans ("SIPs") pursuant to 42 U.S.C. § 7410(a)(2), or Infrastructure SIPs, for the 2008 ozone NAAQS by March 12, 2011.  42 U.S.C. § 7410(a)(1).

3. None of the 40 States[2] listed below have submitted Infrastructure SIPs for the 2008 ozone NAAQS:

    a.   Arizona, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Stmt. Mat. Facts Supp. Summ. J. ["Pls.' Fact"], Dkt. No. 37, Fact 3.)

    b.   Arkansas, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 4.)

    c.   California, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 5.)

    d.   Colorado, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 6.)

    e.   Connecticut, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 7.)

    f.   District of Columbia, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 9.)

    g.   Hawaii, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 10.)

    h.   Illinois, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 12.)

    i.   Iowa, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 14.)

    j.   Kansas, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 15.)

---

[2] The Clean Air Act defines "State" to include the District of Columbia and Puerto Rico.  *See See* 42 U.S.C. § 7602(d).

United States District Court
Northern District of California

1

    k.  Louisiana, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 16.)

2

    l.  Maine, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 17.)

3

    m.  Maryland, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 18.)

4

    n.  Massachusetts, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 19.)

5

    o.  Michigan, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 20.)

6

    p.  Minnesota, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 21.)

7

    q.  Missouri, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 22.)

8

    r.  Montana, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 23.)

9

    s.  Nebraska, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 24.)

10

    t.  Nevada, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 25.)

11

    u.  New Hampshire, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 26.)

12

    v.  New Jersey, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 27.)

13

    w.  New Mexico, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 28.)

14

    x.  New York, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 29.)

15

    y.  North Carolina, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 30.)

16

    z.  North Dakota, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 31.)

17

    aa.  Ohio, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 32.)

18

    bb.  Oklahoma, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 33.)

19

    cc.  Pennsylvania, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 35.)

20

    dd.  Puerto Rico, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 36.)

21

    ee.  Rhode Island, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 37.)

22

    ff.  South Dakota, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 38.)

23

24

25

26

27

    gg.  Texas, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 39.)

28

United States District Court
Northern District of California

1

hh. Utah, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 40.)

2

ii.  Vermont, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 41.)

3

jj.  Virginia, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 42.)

4

kk. Washington, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 43.)

5

6

ll.  West Virginia, Sections 110(a)(2)(D)(i).  (Pls.' Fact 44.)

7

mm. Wisconsin, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 45.)

8

nn. Wyoming, Sections 110(a)(2)(A)-(H), (J)-(M).  (Pls.' Fact 46.)

9

4.  EPA did not issue findings of failure to submit for these states by the September 12,

10

2011 deadline in violation of its mandatory duty.  (Pls.' Fact 47.)

11

12

5.  Subsequent to the filing of this litigation, Delaware, Idaho, Indiana, and Oregon

13

submitted Infrastructure SIPs to EPA intended to meet the infrastructure requirements for the 2008

14

ozone NAAQS.  (Def.'s Stmt. Mat. Facts Supp. Summ. J. ["Def.'s Fact"] 1-4, Dkt. No. 44-3.)

15

6.  Subsequent to the filing of this litigation, West Virginia submitted to EPA a SIP intended

16

to meet the infrastructure requirements addressing CAA sections 110(a)(2)(A)-(C), (D)(i)(II),

17

18

(D)(ii), (E)-(H), and (K)-(M) for the 2008 ozone NAAQS.  (Def.'s Fact 5.)

19

**Failure to Take Final Action on Infrastructure SIPs Submitted by Kentucky and Tennessee**

20

7.  Kentucky submitted an Infrastructure SIP for the 2008 ozone NAAQS on September 8,

21

2009.  (Pls.' Fact 74.)

22

23

8.  Kentucky's submittal was deemed administratively complete on March 8, 2010.  (Pls.'

24

Fact 75.)

25

9.  EPA was required to take final action on Kentucky's submittal no later than March 8,

26

2011, by approving in full, disapproving in full, or approving in part and disapproving in part.  42

27

U.S.C. § 7410(k)(2) and (3).

28

4

United States District Court
Northern District of California

1

2

        10.  EPA has failed to take action on Kentucky's submittal in violation of its mandatory

duty.  (Pls.' Fact 76.)

3

4

        11.  Tennessee submitted an Infrastructure SIP for the 2008 ozone NAAQS on October 19,

2009.  (Pls.' Fact 77.)

5

6

7

        12.  Tennessee's submittal was deemed administratively complete on April 19, 2010.  (Pls.'

Fact 78.)

8

9

10

        13.  EPA was required to take final action on Tennessee's submittal no later than April 19,

2011, by approving in full, disapproving in full, or approving in part and disapproving in part.  42

U.S.C. § 7410(k)(2) and (3).

11

12

13

        14.  EPA has failed to take action on Tennessee's submittal in violation of its mandatory

duty.  (Pls.' Fact 79.)

14

**CONCLUSION**

15

For the foregoing reasons, it is **ORDERED** that:

16

17

18

19

        A.  Plaintiffs' motion for summary judgment as to their claims for failure to submit required

infrastructure SIPs for the 2008 Ozone NAAQS, claim two in *WildEarth Guardians v. Jackson*,

4:11-cv-5651, and claim one in *Midwest Environmental Law Center v. Jackson*, 4:11-cv-5694, is

20

21

**GRANTED IN PART** as to states identified in paragraph 3 above, and **DENIED AS MOOT** as to states

identified in paragraphs 5 and 6 above.

22

23

24

25

        B.  Plaintiffs' motion for summary judgment as to Midwest and Sierra Club's claim for

EPA's failure to take final action on certain states' Infrastructure SIPs, claim three in *Midwest

Environmental Law Center v. Jackson*, 4:11-cv-5694, is **GRANTED**.

26

27

28

        C.  Defendant shall sign a final rule or rules issuing findings of failure to submit for each of

the States listed above in paragraph 3, for each of the listed Infrastructure SIP elements, for the

United States District Court
Northern District of California

2008 ozone National Ambient Air Quality Standard, by **no later than January 4, 2013**.  Defendant

shall forward the final signed rule or rules **within three working days** of signing to the Office of

the Federal Register for review and publication.

D.  Defendant shall sign a final rule or rules taking final action on the 2008 ozone NAAQS

Infrastructure SIP submittals listed below by approving in full, disapproving in full, or approving in

part and disapproving in part, by **no later than January 4, 2013**.  Defendant shall forward the final

signed rule or rules **within three working days** of signing to the Office of the Federal Register for

review and publication.

> i.  Kentucky submittal dated September 8, 2009.
>
> ii.  Tennessee submittal dated October 19, 2009.

E.  Defendant's cross-motion for summary judgment is **GRANTED** as to Plaintiffs' claims

regarding failure to submit an Infrastructure SIP for the 2008 ozone NAAQS with respect to the

states identified in paragraphs 5 and 6.  Because those states have submitted Infrastructure SIPs

subsequent to the filing of these actions, Plaintiffs' claims as to these states are **DISMISSED** as moot.

The parties shall prepare a proposed form of judgment on the claims herein and submit it to

the Court **within three days** of entry of this Order.

All other dates, including the Case Management Conference currently set for October 22,

2012, are **VACATED**.

This Order terminates Docket Nos. 36 and 44.

**IT IS SO ORDERED**.

**10/17/12**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

6