1  Robert Ukeiley (admitted *Pro Hac Vice*)
   Law Office of Robert Ukeiley
2  507 Center Street
   Berea, KY 40403
3  Telephone: (859) 986-5402
   Email:  rukeiley@igc.org
4  *Counsel for Plaintiffs Midwest Environmental Defense Center and Sierra Club*

5  James Jay Tutchton
   WildEarth Guardians
6  6439 E. Maplewood Ave.
   Centennial, CO 80111
7  (720)-301-3843
   jtutchton@wildearthguardians.org
8  Counsel for Plaintiff WildEarth Guardians

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| WILDEARTH GUARDIANS,<br>　　Plaintiff,<br>v.<br>ROBERT PERCIASEPE,[1]<br>in his official capacity as Acting Administrator of the United States Environmental Protection Agency,<br>　　Defendant. | Case No. 4:11-cv-05651-YGR<br><br>consolidated with, |
| MIDWEST ENVIRONMENTAL DEFENSE CENTER, and<br>SIERRA CLUB,<br>　　Plaintiffs,<br>v.<br>ROBERT PERCIASEPE,<br>in his official capacity as acting Administrator of the United States Environmental Protection Agency,<br>　　Defendant. | Case No. 4:11-cv-05694-YGR<br><br>ADMINISTRATIVE MOTION TO ENTER JUDGMENT |

---

[1] Pursuant to Fed. R. Civ. P. 25, Mr. Perciasepe is automatically substituted for his predecessor in office, Lisa P. Jackson.

Plaintiffs in these consolidated matters, Sierra Club, Midwest Environmental Defense Center and WildEarth Guardians, respectfully request that the Court enter judgment in this matter on the claims covered by the Court's October 17, 2012 Order Granting In Part Plaintiffs' Motion for Summary Judgment; Granting Defendant's Cross-Motion for Summary Judgment; Vacating Case Management and Other Hearing Dates (Oct. 17 Order), [Dk#64], and December 7, 2012 Order Granting In Part EPA's Motion to Amend Order, [Dk#69]. Unfortunately, Plaintiffs have to request the Court take this administrative action because Defendant Robert Perciasepe, in his official capacity as Acting Administrator of the United States Environmental Protection Agency (EPA), is claiming that Plaintiffs have missed their deadline to file for costs of litigation, including attorneys' fees. In support of this administrative motion, Plaintiffs state the following:

This is a Clean Air Act "deadline" suit brought by the undersigned public interest counsel on a *pro bono* basis and public interest staff counsel on behalf of three non-profit environmental organizations trying to implement the 2008 national ambient air quality standard for ozone. Ozone, commonly referred to as smog, harms the health of millions of people in the United States, killing some of these people. *See* e.g. Case 11-5694 Answer [Dk # 20] p.3 l.8-11; Case 11-5651 Answer [Dk # 19] p.1 l.22. Ozone also damages crops and native ecosystems. *See* Case 11-5694 Answer to Second Amended Complaint [Dk # 29] p.3 l.23-24. As one district court explained, EPA has an "unblemished record of nonperformance in this corner of the Clean Air Act[.]"*Sierra Club v. Johnson*, Civ. Act. No. 04-2163-JR, Slip. Op. at 7 (D.D.C. Apr. 6, 2005).

On October 17, 2012, the Court issued an order granting summary judgment to Plaintiffs on all claims remaining at that time, except as regards to a few states which had taken action

PLAINTIFFS' ADMINISTRATIVE MOTION TO ENTER JUDGMENT  p. 2 – 11-cv-05651-YGR

and thus obviated the relevant mandatory duty. *See* October 17 Order. Shortly thereafter, Courtroom Deputy Frances Stone contacted undersigned counsel and requested that counsel prepare a proposed judgment and submit it to the Court for the Court to enter. *See* Declaration of Robert Ukeiley (Ukeiley Dec. at ¶ 3). Undersigned counsel prepared a proposed judgment and emailed it to defense counsel on October 22, 2012. Ukeiley Dec. at ¶ 4. Later that same day, undersigned counsel emailed a copy of the proposed judgment he prepared to the Court's proposed order email address and cced defense counsel on the email. Ukeiley Dec. at ¶ 5. However, as of today, the Court has still not entered judgment in this case.

Undersigned counsel assumed, and still assumes, that the Court will enter judgment and that the entry of that judgment would start the 14 day "clock" by which Plaintiffs would have to submit their motion for attorneys' fees. Ukeiley Dec. at ¶ 6. This understanding is consistent with the last Clean Air Act deadline suit that undersigned litigated to judgment in this Court. The Court in that case entered a separate document entitled "Judgment" after issuing an order granting summary judgment. *See Communities for a Better Environment v. U.S. Environmental Protection Agency*, 3:07-cv-3678-JSW, Dk#44, Judgment (N.D. Cal. Nov. 24, 2008).

On November 14, 2012, more than 14 days after the Court entered an order on summary judgment, EPA moved to amend the October 17, 2012 order. *See* Defendant's Notice and Motion to Amend Order of October 17, 2012; Memorandum in Support Thereof, Dk#65. On December 7, 2012, the Court granted EPA's motion in part. *See* Order Granting in Part EPA's Motion to Amend Order, Dk#69. If Plaintiffs had filed for attorneys' fees within 14 days of the Court's October 17, 2012 order, they would have had to file a second motion for fees or at least amend their original motion after the Court issued its December 7, 2012 order to cover counsel's work on that motion.

On March 7, 2013, EPA published notice of the final action required by the Court's December 7, 2012 Order. *See* 78 Fed. Reg. 14,681 (Mar. 7, 2013). At this point, Plaintiffs were assured that EPA would not be asking for any additional extensions. However, because the Court had not entered judgment yet, and because of the press of other substantive matters, Plaintiffs did not make an offer to settle the costs of litigation, including attorneys' fees, until April 29, 2013.[2] Ukeiley Dec. at ¶ 7. On May 31, 2013, Defense Counsel responded to the Plaintiffs fee offer by claiming that the 14 day clock to file for fees had started on December 7, 2012 with the Court's order on the motion to amend and thus ended on December 21, 2012. Ukeiley Dec. at ¶ 8. After further discussions on the matter, the parties came to an impasse requiring the Court's intervention. Ukeiley Dec. at ¶ 9.

Therefore, for the reasons explained above, Plaintiffs respectfully request that the Court enter the judgment which Plaintiffs' provided to the Court on October 22, 2012 in response to the Courtroom Deputy's request for a proposed judgment.

Respectfully submitted,

/s Robert Ukeiley

ROBERT UKEILEY (Admitted *Pro Hac Vice*)
Law Office of Robert Ukeiley
507 Center Street
Berea, KY 40403
Telephone: (859) 986-5402
Facsimile: (866) 618-1017
rukeiley@igc.org

*Counsel for Plaintiffs Midwest Environmental Defense Center and Sierra Club*

/s James Jay Tutchton

---

[2] For the sake of completeness, Plaintiffs will mention that the parties had discussed the scope of what fees could be included in a settlement back in June 2012 before the Court granted summary judgment.

PLAINTIFFS' ADMINISTRATIVE MOTION TO ENTER JUDGMENT  p. 4 – 11-cv-05651-YGR

James Jay Tutchton
WildEarth Guardians
6439 E. Maplewood Ave.
Centennial, CO 80111
(720)-301-3843
jtutchton@wildearthguardians.org

*Counsel for Plaintiff WildEarth Guardians*

Dated: June 17, 2013