1  ROBERT G. DREHER
   Acting Assistant Attorney General
2  Environment and Natural Resources Division
3  EILEEN T. MCDONOUGH
   Trial Attorney
4  United States Department of Justice
   Environmental Defense Section
5  P.O. Box 7611
6  Washington, D.C. 20044
   Telephone: (202) 514-3126
7  Fax: (202) 514-8865
   Email: eileen.mcdonough@usdoj.gov
8  *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, | Case No. 3:11-CV-05651-YGR |
| | (and consolidated action 11-cv-5694 YGR) |
| Plaintiff, | |
| | DEFENDANT'S OPPOSITION TO ADMINISTRATIVE MOTION TO ENTER JUDGMENT |
| v. | |
| ROBERT PERCIASEPE, in his official capacity as Acting Administrator of the Environmental Protection Agency, | |
| Defendant. | |

On June 17, 2013, Plaintiffs in these consolidated actions filed an administrative motion asking the Court to enter final judgment in this matter. Plaintiffs have stated that their motion is a response to the assertion by Defendant United States Environmental Protection Agency ("EPA") that Plaintiffs' claim for costs of litigation, including attorneys' fees, under section 304(d) of the Clean Air Act, 42 U.S.C. § 7604(d), is barred under Fed. R. Civ. P. 54(d)(2)(B). This Rule requires that any claim for attorneys' fees must be filed within 14 days after entry of final judgment. *See Port of Stockton v. W. Bulk Carrier KS*, 371 F.3d 1119, 1122 (9th Cir. 2004). *See also* Local Rule 54-5(a).

1

EPA opposes this motion. Pursuant to Fed. R. Civ. P. 58, final judgment was entered in these consolidated matters no later than May 6, 2013. Plaintiffs are not entitled to a second final judgment simply to facilitate their claim for attorneys' fees.

## LITIGATION BACKGROUND

These consolidated cases were filed in 2011. The claims asserted can be divided into two groups. First, Plaintiffs alleged EPA had failed to perform a nondiscretionary duty under the CAA to revise regulations under 42 U.S.C. § 7476(a), which addresses the requirements for the prevention of significant deterioration program (referred to as the "PSD Claims"). Second, Plaintiffs alleged that EPA had failed to perform a number of nondiscretionary duties under the CAA, 42 U.S.C. § 7410(k), with respect to the state implementation plans for a number of states (referred to as the SIP Claims). Below is a summary of the relevant stages in this litigation.

1. The Court dismissed the PSD claim for lack of jurisdiction on May 7, 2012. Dkt. 40. On July 12, 2012, the Court granted Plaintiffs' request for entry of final judgment on these claims pursuant to Rule 54(b) so that Plaintiffs could immediately appeal the order dismissing the case. Dkt. 51. An appeal was filed, Dkt. 51, and is pending before the Ninth Circuit.

2. On October 17, 2012, the Court entered the "Order Granting In Part and Denying In Part Plaintiffs' Motions For Summary Judgment." Dkt. 64. The Court ordered EPA to sign certain final rules by specified deadlines. The Court stated: "The parties shall prepare a proposed form of judgment on the claims herein and submit it to the Court with three days of the entry of this order." Order at 6 (emphasis omitted). Plaintiffs emailed the proposed judgment to the Court and to EPA on October 22, 2013. *See* Declaration of Robert Ukeiley (June 17, 2013) (Attached to Administrative Motion). The Court never took any action on this submittal.

3. On November 14, 2012, EPA filed a motion to amend the Court's Order of October 17, 2012. Dkt. 64.

4. On December 7, 2012, the Court entered the "Order Granting in Part EPA's Motion to Amend Order." Dkt. 69.

5. On June 17, 2013, Plaintiffs filed the Administrative Motion for Entry of Judgment. Dkt. 75.

2

EPA Opposition to Administrative Motion　　　　　　　　　　　　　　Case No. 3:11-CV-05651-YGR
to Enter Judgment　　　　　　　　　　　　　　　　　　　　　　　　(and consolidated action 11-cv-5694 YGR

## ARGUMENT

Plaintiffs' motion presumes that a final judgment has not been entered in this case. Plaintiffs, however, fail to address Fed. R. Civ. P. 58, which is captioned "Entering Judgment." A review of this Rule conclusively establishes that Plaintiffs are mistaken; final judgment has been entered. Accordingly, their motion must be denied.

Rule 58(a) requires that every judgment "must be set out in a separate document," subject to exceptions not relevant here. The Order of October 17, 2012, disposed of all claims asserted in the complaints. Even if the Order does not constitute a separate document, final judgment has been entered by operation of Rule 58(c). In relevant part, Rule 58(c)(2) provides:

> For purposes of these rules, judgment is entered at the following times:
>
> \*     \*     \*
>
> (2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:
>
>    (A) it is set out in a separate document; or
>
>    (B) 150 days have run from the entry in the civil docket.[1]

Regardless of whether the 150 days should run from October 17, 2012, when the court issued its summary judgment order, or December 7, 2012, when the court denied EPA's motion to amend the summary judgment order, final judgment has been entered in this case by operation of Rule 58(c). One hundred and fifty days from October 17, 2012 is March 16, 2013. Because that date was a Saturday, entry of a final judgment occurred on March 18, 2013. One hundred and fifty days from December 7, 2012, is May 6, 2013. Therefore, the entry of final judgment has clearly occurred.

The Ninth Circuit explained the history and purpose of Rule 58(c)(2)(B), in *Harmston v. City and County of San Francisco*, 627 F.3d 1273 (9th Cir. 2010).

---

[1] Rule 79(a) establishes the obligation of the Clerk of the Court to maintain civil dockets and to enter all orders and judgments in the docket.

3

EPA Opposition to Administrative Motion            Case No. 3:11-CV-05651-YGR
to Enter Judgment            (and consolidated action 11-cv-5694 YGR

> In order to avoid giving parties "forever to appeal," and because "[p]otential appellees and the judicial system need *some* limit on the time within which appeals can be brought," Congress modified the meaning of "entry of judgment" for purposes of determining whether an appeal was timely filed. Fed. R. App. P. 4 (advisory committee's note). In cases where Rule 58(a) requires a "separate document," judgment is now considered entered "when the earlier of [two] events occurs: [1] the judgment or order is set forth on a separate document, or [2] 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a)." Fed. R.App. P. 4(a)(7)(A)(ii). Federal Rule of Civil Procedure 58 made the same change. Fed. R. Civ. P. 58(c)(2).

*Id.* at 1279-80.[2] *See also* Rule 58, Advisory Committee's note regarding 2002 amendment ("motion time periods set by Rules 50, 52, 54, 59, and 60 begin to run after expiration of 150 days from entry of the judgment in the civil docket as required by Rule 79(a).").[3] *Stephanie-Cardona LLC v. Smith's Food and Drug Centers, Inc.*, 476 F.3d 701 (9th Cir. 2007) further establishes that, once final judgment has been entered by operation of Rule 58, the subsequent actual entry of a separate judgment by the district court has no effect. *Id.* at 704 ("Because more than 150 days passed before the district court, for whatever reason, issued a judgment on a separate document, the 30 days in which to file a notice of appeal had been running from November 15, 2004, the end of the 150-day period.").

EPA's motion to amend the Order of October 17, 2012, should not affect the conclusion that final judgment has been entered 150 days from issuance of the October 17 order.. The time for filing post-judgment motions begins to run on the 150th day after the Order was entered. Given that EPA's motion to amend the Order was filed (and decided) before that date, it cannot be construed as a post-judgment motion that could toll the effective date of the final judgment. Fortunately, however, the Court does not need to address this procedural issue. As explained above, even if the period of 150 days began on December 7, 2012, when the Court decided the

---

[2] Rule 58 is usually discussed in the context of deciding whether an appeal was timely filed. The Rule, however, also governs the timing of post-trial motions, including motions for attorneys' fees. *United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto Center*, 501 F.3d 283, 290 (3d Cir. 2007).

[3] The Advisory Committee's notes further explain that Rule 58 was amended again in 2007, but that the changes were only stylistic and were intended to make the Rule more easily understood and more consistent with the style used throughout all the rules.

4

motion to amend, the final judgment would have been entered on May 6, 2013, by operation of Rule 58(c)(2)(B).

Any claim by Plaintiffs for for fees incurred in this matter is thus time-barred. Even if the Court should decide that the Order of December 7, 2013, started the 150-day period for entry of judgment by Rule 58(c)(2), the deadline under Rule 54(d) for filing a fee motion was May 20, 2013.

Any of the three Plaintiffs in these consolidated cases could have avoided this outcome by timely filing a motion for entry of final judgment pursuant to Rule 58(d), but did not. At this point, Plaintiffs can still move for fees if they can establish that the failure to recognize the significance of Rule 58(c) constitutes "excusable neglect" sufficient to excuse their late filing. The Ninth Circuit has established, however, that a mistake of law is not excusable neglect. *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996). If such a motion is filed, the Court can consider Plaintiffs' arguments in light of the responsibility to ensure that the taxpayers are not compelled to pay fees except pursuant to Congress' intent. *See American Petroleum Institute v. EPA*, 72 F.3d 907, 912, (D.C. Cir. 1996) (fees that may be reasonable between a law firm and a private client, may not be reasonable if litigant seeks to tax the United States for such fees.)

That is an issue for another day, however. To decide the current motion, the Court need only determine whether a final judgment has been entered in this case. The plain language of Rule 58(c)(2)(B) establishes that such entry has already occurred.

**CONCLUSION**

For these reasons, Plaintiffs' motion for entry of judgment must be denied.

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/ EILEEN T. MCDONOUGH
Trial Attorney
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044

5

EPA Opposition to Administrative Motion
to Enter Judgment

Case No. 3:11-CV-05651-YGR
(and consolidated action 11-cv-5694 YGR

Telephone: (202) 514-3126
Fax: (202) 514-8865
Email: eileen.mcdonough@usdoj.gov
*Attorneys for Defendants*