Robert Ukeiley (admitted *Pro Hac Vice*)
Law Office of Robert Ukeiley
507 Center Street
Berea, KY 40403
Telephone: (859) 986-5402
Email: rukeiley@igc.org
*Counsel for Plaintiffs Midwest Environmental Defense Center and Sierra Club*

James Jay Tutchton
WildEarth Guardians
6439 E. Maplewood Ave.
Centennial, CO 80111
(720)-301-3843
jtutchton@wildearthguardians.org
Counsel for Plaintiff WildEarth Guardians

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS,<br>    Plaintiff,<br>v.<br>ROBERT PERCIASEPE,[1]<br>in his official capacity as Acting Administrator of the United States Environmental Protection Agency,<br>Defendant. | Case No. 4:11-cv-05651-YGR<br><br>consolidated with, |
| MIDWEST ENVIRONMENTAL DEFENSE CENTER, and<br>SIERRA CLUB,<br>    Plaintiffs,<br>v.<br>ROBERT PERCIASEPE,<br>in his official capacity as acting Administrator of the United States Environmental Protection Agency,<br>Defendant. | Case No. 4:11-cv-05694-YGR<br>**REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO ENTER JUDGMENT** |

---

[1] Pursuant to Fed. R. Civ. P. 25, Mr. Perciasepe is automatically substituted for his predecessor in office, Lisa P. Jackson.

Plaintiffs offer this short reply in support of their Administrative Motion to Enter Judgment. In Defendant's Opposition to Administrative Motion to Enter Judgment, Defendant Robert Perciasepe (EPA) offers a summary of the relevant stages in this litigation but leaves out one. That is, on February 8, 2013, EPA appealed the Court's December 7, 2012 order on EPA's motion to amend. EPA voluntarily dismissed this appeal and the Court of Appeals issued its mandate on February 21, 2013, thus returning jurisdiction to this Court.

Even under EPA's interpretation of Rule 58(c), it would make no sense for judgment to enter, at least for the purposes of establishing the time to file for attorneys' fees, until an appeal is decided. Otherwise, the parties can be litigating attorneys' fees and the district court would have to rule on the issue, before anyone knew whether the case was going to be overturned on appeal, thus negating the basis for entitlement to attorneys' fees. Thus, EPA's interpretation would lead to significant wastes of the parties and judicial resources by forcing parties to litigate attorneys' fees while entitlement to fees is clearly in question.

A better interpretation of Rule 58(c) is that the 150 days to enter judgment runs, when there is an appeal, from when the Court of Appeals issues its mandate. In this case, the Court of Appeals issued its mandate on February 21, 2013. Thus, final judgment would issue on July 22, 2013 under Rule 58(c). As that date has not passed, the Court should enter the final judgment submitted by Plaintiffs.

                                              Respectfully submitted,

                                                  /s Robert Ukeiley

ROBERT UKEILEY (Admitted *Pro Hac Vice*)
Law Office of Robert Ukeiley
507 Center Street

Berea, KY 40403
Telephone: (859) 986-5402
Facsimile: (866) 618-1017
rukeiley@igc.org

*Counsel for Plaintiffs Midwest Environmental Defense Center and Sierra Club*


James Jay Tutchton
WildEarth Guardians
6439 E. Maplewood Ave.
Centennial, CO 80111
(720)-301-3843
jtutchton@wildearthguardians.org

*Counsel for Plaintiff WildEarth Guardians*

Dated: July 1, 2013