UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILDEARTH GUARDIANS,**<br><br>  Plaintiff,<br><br>vs.<br><br>**GINA MCCARTHY**, in her official capacity as Administrator of the Environmental Protection Agency,<br><br>  Defendant. | **Case No.: 11-cv-5651-YGR**<br>**(and consolidated action 11-cv-5694 YGR)**<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES** |

Plaintiffs WildEarth Guardians, Midwest Environmental Defense Center, and Sierra Club ("Plaintiffs") filed their Motion for Attorneys' Fees on July 22, 2013. (Dkt. No. 79.) The Court has considered the motion, the opposition thereto, and the other papers filed in this action. For the reasons stated herein, the Court **DENIES** the motion.

On June 17, 2013, Plaintiff filed an administrative motion requesting that the Court enter judgment. The Court denied that motion, stating that:

> by operation of Rule 58(c)(2), judgment was entered 150 days from the entry of the final order in this matter, since no separate final judgment was entered. Whether measured from entry of the October 17 Order or the December 7 Order, that time has now passed. The Court cannot enter a judgment at this time.

(Dkt. No. 78, "July 13 Order," at 2.) However, the Court expressly left open the question of whether an attorneys' fees motion could be granted. (*Id.*) The Court now turns to that question.

**I.   BACKGROUND**

Plaintiffs filed these consolidated cases in 2011 against the Administrator of the United States Environmental Protection Agency ("EPA"). They alleged two sets of claims against EPA: (1) failure to perform a nondiscretionary duty under the Clean Air Act to revise regulations under 42 U.S.C. section 7476(a), regarding the prevention of significant deterioration program (the "PSD Claims"); and (2) failure to meet certain deadlines for performing nondiscretionary duties under the Clean Air Act, 42 U.S.C. § 7410(k), with respect to state implementation plans ("the SIP Deadline Claims"). The Court entered an order dismissing the PSD Claims for lack of jurisdiction on May 7, 2012. Plaintiffs requested that the Court enter a partial judgment on these claims, pursuant to FRCP 54(b), to allow them to take an immediate appeal. The Court entered that partial judgment and Plaintiffs filed their appeal, which is still pending before the Ninth Circuit.

Thereafter, Plaintiffs moved for summary judgment, and EPA filed a cross-motion for summary judgment, on the SIP Deadline Claims. The parties requested a number of continuances of the briefing and hearing on the motions, representing that they were attempting to settle the SIP Deadline Claims. (*See, e.g.,* Dkt. Nos. 43, 45, 52, 53, 58, 60, 61.)[1] However, those efforts were not completed by October 8, 2012, and, as ordered by the Court in connection with the final extension, Plaintiffs filed their reply to EPA's cross-motion.

The Court issued an order on the cross motions for summary judgment on October 17, 2012 (Dkt. No. 64, "October 17, 2012 Order"). The Court granted, in part, Plaintiffs' Motion for Summary Judgment, establishing firm deadlines by which EPA was to comply with its mandatory obligations as alleged in the SIP Deadline Claims. The Court also ordered the parties to submit a proposed form of judgment. (October 17, 2012 Order at 6.)

Plaintiffs submitted their proposed form of judgment on October 22, 2012. EPA did not indicate its approval or file its own proposed form of judgment. Rather, on November 14, 2012, EPA filed a Motion to Amend the October 17 Order on the grounds that the SIP Deadlines had

---

[1] The parties had discussed the scope of attorneys' fees in June 2012 as part of these settlement negotiations.

2

been met as to certain states in the meantime, which mooted the order as to those states. (Dkt No. 65). On December 7, 2012, that motion was granted in part, and the Court's October 17, 2012 Order was amended accordingly. (Dkt. No. 69, "December 7, 2012 Order".)

EPA filed its notice of appeal of the December 7, 2012 Order on February 5, 2013. (Dkt. No. 70.) Neither party submitted a revised proposed judgment after the December 7 Order. The Court did not enter the earlier proposed judgment.

The Ninth Circuit entered an Order granting EPA's voluntary dismissal of its appeal on February 21, 2013. Shortly thereafter, on March 7, 2013, EPA published notice of the final action required by the Court's December 7, 2012 Order. *See* 78 Fed. Reg. 14,681 (Mar. 7, 2013).

Plaintiff made another offer to EPA to settle the attorneys' fees and costs on April 29, 2013. EPA counsel acknowledged receipt of the offer on May 3 or May 6, 2013, but did not mention any impending deadline. On May 16, 2013, Plaintiffs' counsel sent EPA counsel a reminder email about Plaintiffs' fee offer. On May 17, 2013, EPA counsel sent Plaintiffs' counsel a response email saying that she was finishing a brief that week and would turn to the fee matter after that. On May 31, 2013, EPA counsel responded to the Plaintiffs' fee offer by claiming that the 14 day clock to file for fees had started on December 7, 2012, with the Court's order on the motion to amend, and ended on December 21, 2012.

Recognizing that they had a problem, Plaintiffs first filed an Administrative Motion for Entry of Judgment on June 17, 2013. The Court denied that motion on July 3, 2013. (Dkt. No. 78.) Plaintiffs then filed the instant Motion for Attorneys' Fees on July 22, 2013.

**II. DISCUSSION**

Plaintiffs, while not expressly conceding that their motion is untimely, move for attorneys' fees and seek relief from their failure to file their motion consistent with the time limits in Rule 54 of the Federal Rules of Civil Procedure. In opposition to the motion, EPA does not contest the lodestar amount sought by Plaintiffs, the hours or the rates, but instead argues only that the motion is untimely and must be denied on those grounds.

Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure requires that any claim for attorneys' fees must be filed within 14 days after that date of entry of final judgment. As stated in

3

the Court's July 13, 2013 Order regarding entry of judgment, where no separate judgment document is entered, as here, a judgment is considered entered 150 days after the entry of the final order by operation of Rule 58(c)(2). This period began to run no later than December 7, 2012, such that a judgment was deemed entered as of May 6, 2013. To be timely then, a motion for attorneys' fees was required to be filed no later than May 20, 2013. The instant motion was not filed until July 22. Even assuming that the filing of the Administrative Motion to Enter Judgment somehow tolled the time (which Plaintiffs have not argued), that motion was not filed until June 17, 2013, 28 days after the time began to run on May 6.

The Ninth Circuit has held that Rule 54(d)(2)(B) is an appropriate basis for cutting off fee requests, but that the deadline is not jurisdictional and a motion made after the 14 days can be considered with a "compelling showing of good cause." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 889-90 (9th Cir. 2000). Addressing an analogous procedural rule, the Supreme Court has held that courts are permitted to accept late filings upon a showing that the failure to comply with the deadline was on account of excusable neglect, including inadvertence, mistake or carelessness, as well as intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993). The decision whether to accept a late filing is committed to the sound discretion of the court and takes into account a variety of factors, including the danger of prejudice to the opposing party, the length of delay and its potential impact on judicial proceedings, the reasons for the delay, and whether the moving party acted in good faith. *Id.* "[T[he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*

Plaintiffs argue that they should be relieved of their late filing for several reasons. First, EPA had appealed the Court's December 17, 2012 order, and an appeal could have mooted the attorneys' fees issue. Second, EPA had made frequent requests for extension in this case and in Clean Air Act deadline suits generally, such that the parties and the Court might have had to address the attorneys' fees issue more than once if the deadline had been moved again. Only when EPA actually complied with the Court's Order was it certain that no further extensions would be sought. Third, the parties were engaged in settlement discussions right up until EPA

4

raised the issue of timeliness, after the deadline had passed. Fourth, Plaintiffs were expecting the Court to issue the proposed judgment submitted by Plaintiffs, which included an extension of the time to file an attorneys' fees motion.

EPA's appeal was dismissed voluntarily on February 21, 2013, and EPA published rulemakings, as required by the Court, on March 7, 2013. Thus, a delay in filing the instant motion until June 2013 is not explained or excused by these events. As to the delay in responding to Plaintiffs' settlement overtures, EPA explains that it believed at the time that the deadline had passed months before, in December. While EPA's failure to respond to Plaintiffs' email until after May 20 might appear significant at first glance, EPA did not understand it to be of any significance at the time, since it understood the deadline to be long passed. (Ukeiley Dec., Dkt. No. 75-1, at ¶ 8.) Finally, Plaintiffs' belief that the proposed judgment they previously submitted might still have been entered is not reasonable since the terms of that proposed judgment necessarily would have changed after the December 7, 2012 Order amended the summary judgment order. No new proposed judgment was submitted thereafter by any party until Plaintiffs filed their motion to enter judgment on June 17, 2013.[2]

Plaintiffs did not submit any additional evidence in connection with this motion to explain why they did not seek relief sooner or act more prudently to preserve their rights. Instead they relied on the declaration submitted previously by counsel in connection with the motion for entry of judgment, which stated no more than the basic facts about the final settlement overtures with EPA in May 2013. The instant motion is lacking in any evidence that Plaintiffs sought to stipulate or file a motion for extension of time on the attorneys' fees issue. Likewise lacking is any evidence to suggest there was a course of dealing or other reason to believe that the significant delay in seeking fees was the norm between these parties in the numerous cases they have litigated against one another. Thus, Plaintiffs' showing falls short of a "compelling showing of good cause" for the delay in moving for attorneys' fees. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 889-90 (9th Cir. 2000).

---

[2] Even after their motion to enter judgment was denied on July 3, 2013, Plaintiffs waited more than 14 days to file the instant motion.

With respect to the *Pioneer* factors, Plaintiffs contend that a delay in ruling on the attorneys' fees question does not prejudice EPA, but actually benefits it since it does not pay any interest on attorneys' fees in Clean Air Act cases and has continued to have use of the money in the interim. Moreover, the parties have not had to deal with multiple fee claims and post-order issues. The delay between the dates the judgment was deemed entered and the filing of the fee motion is not particularly long and has had no impact on a case that is otherwise concluded. On the other hand, additional briefing addressing the issue of entry of judgment and the timeliness of the motion was made necessary by Plaintiffs' delay. While their delay of a few weeks seems minimal on its own, it is significant considering the statute's fourteen-day standard. Moreover, Plaintiffs motion makes clear that the delay in filing a motion for attorneys' fees was not entirely inadvertent, since they state that they "choose" [*sic*] to wait until the appeal was over and EPA complied with the Court's order. (Motion at 7:12-23.) The filing of the appeal signaled that EPA, at least, believed that a judgment or final order had been entered. Thus, even if there was a difference of understanding between the parties about exactly when the judgment should be considered entered, and when the time began to run, Plaintiffs concede that they chose to wait for other reasons as well. This decision is different from the inadvertence, mistake, or carelessness described in *Pioneer*. *Pioneer,* 507 U.S. at 395.

The deadline in Rule 54, while not jurisdictional, is meant to provide the parties with certainty and finality. It requires that a prevailing party act with diligence to preserve its rights. The Court frequently grants extensions of this deadline, either by motion or stipulation, when requested. Here, Plaintiffs failed to act on their fee motion with diligence or to seek extensions or other relief from the Court. It is true that relief from excusable neglect under the *Pioneer* factors is "not necessarily reserved for extraordinary circumstances." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (granting relief from default judgment). However, the Court, in its discretion and considering the showing on the equities here, cannot find that the Plaintiffs' have demonstrated good cause or excusable neglect to relieve them from the untimely filing of their attorneys' fees motion.

**III.    CONCLUSION**

For the foregoing reasons, the Motion for Attorneys' Fees is **DENIED**.

This Order terminates Docket No. 79.

**IT IS SO ORDERED.**

Date: January 16, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**