UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILDEARTH GUARDIANS, ET AL.**,<br><br>Plaintiffs,<br><br>v.<br><br>**GINA MCCARTHY**, in her official capacity as Administrator of the Environmental Protection Agency,<br><br>Defendant. | Case No.  11-cv-05651-YGR<br>(and related action 11-cv-5694-YGR)<br><br>**ORDER DENYING MOTION TO MODIFY JUDGMENT**<br><br>Re: Dkt. No. 90 |

Plaintiffs WildEarth Guardians, et al., have filed a motion (Dkt. No. 90, Motion to Modify Judgment) seeking to modify this Court's orders granting summary judgment in their favor (Dkt. No. 64 and 69) under Rule 60(b) of the Federal Rules of Civil Procedure.  Defendant Gina McCarthy, in her official capacity as Administrator of the Environmental Protection Agency ("EPA") opposes the motion.  The motion came on regularly for hearing on October 14, 2014.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the Motion.

**I.    BACKGROUND**

Plaintiffs seek to modify this Court's prior final orders to, in essence, reiterate the requirements stated therein.  By way of background, EPA promulgated a National Ambient Air Quality Standard ("NAAQS") for ozone on March 12, 2008.  73 Fed. Reg. 16436 (Mar. 27, 2008).  Under certain provisions of the Clean Air Act, all states were required to submit the listed elements of State Implementation Plans ("SIPs") pursuant to 42 U.S.C. § 7410(a)(2), or Infrastructure SIPs, for the 2008 ozone NAAQS by March 12, 2011.  42 U.S.C. § 7410(a)(1).  For states that failed to meet that deadline, EPA was required to issue a notice of failure to submit by the September 12, 2011.  As this Court previously found, and EPA failed to meet that deadline, in

violation of its mandatory duty. The Court also found that, for certain states which submitted an Infrastructure SIP after the deadline, EPA had failed to take final action by approving in full, disapproving in full, or approving in part and disapproving in part, within the time required by statute. 42 U.S.C. § 7410(k)(2) and (3).

This Court's prior orders required EPA to issue findings that certain states had failed to submit Infrastructure SIPs for the 2008 ozone National Ambient Air Quality Standard by no later than January 4, 2013. (Dkt. No. 64 and 69.)

On January 4, 2013, pursuant to this Court's order, EPA issued a finding that numerous states had failed to submit 2008 ozone Infrastructure SIPs except as to the Good Neighbor provisions found in 42 U.S.C. § 7410(a)(2)(D)(i)(I). 78 Fed. Reg. 2,882 (Jan. 15, 2013). The EPA declined to make findings of failure to submit on the Good Neighbor provisions in reliance on its interpretation of the D.C. Circuit's decision in *EME Homer City Generation v. EPA*, 696 F.3d 7, 31 (D.C. Cir. 2012), concluding that "a SIP cannot be deemed to lack a required submission or deemed deficient for failure to meet the 110(a)(2)(D)(i)(I) obligation until after the EPA quantifies that obligation." 78 Fed. Reg. at 2,884.

Sierra Club, Environmental Defense Fund, along with the states of Maryland, Connecticut, Delaware and the District of Columbia appealed these administrative findings by a petition to the D.C. Circuit. *See Maryland v. EPA*, 13-1070 (consolidated with No. 13-1072). While that appeal was pending, the Supreme Court reversed *Homer City* decision on which EPA had relied. *See EPA v. EME Homer City Generation, L.P.*, 574 U.S. ___, 134 S.Ct. 1584 (2014). The Supreme Court held the plain language of the Clean Air Act mandated that states submit Good Neighbor provisions within three years of EPA promulgating a NAAQS, and that EPA need not undertake any action to trigger this obligation. *Homer City*, 134 S.Ct. at 1600. In light of the *Homer City* opinion, on August 1, 2014, the D.C. Circuit vacated EPA's January 4, 2013 decision that it need not address the Good Neighbor provisions and remanded the matter to EPA for further consideration. *See Maryland v. EPA*, 13-1070 (D.C. Cir. Aug 1, 2014) Order [Document#1505606] at 1. According to plaintiffs, EPA has thus far failed to take any action subsequent to that remand.

## II. ANALYSIS

Plaintiffs argue that EPA was ordered to comply with a mandatory duty under the Clean Air Act, but its action in compliance was later vacated by a court so that EPA once again has an unfulfilled mandatory duty. In other words, Plaintiffs contend, the D.C. Circuit's vacatur of EPA's January 4, 2013 action with respect to the 2008 ozone NAAQS Good Neighbor provisions means that the status quo prior to that action is restored, and Plaintiffs' claim that EPA has failed to undertake a mandatory duty is revived. Notably, Plaintiffs' motion specifies that they are *not* asking the Court to hold the EPA Administrator in contempt for violating the Court's orders or seeking enforcement of the orders, but rather that they are seeking to modify those orders in light of the change in circumstances, *i.e.,* the vacatur. Plaintiffs contend that Rule 60(b) permits amendment of the Court's prior orders in this manner.

> Rule 60(b) provides:
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. Motions under Rule 60(b) "are addressed to the sound discretion of the district court." *Barber v. State of Hawai'i*, 42 F.3d 1185, 1198 (9th Cir. 1994).

The Court finds no basis in Rule 60(b) to modify a judgment or final order based upon the subsequent events described here. While it may be the case that a vacatur of the EPA's prior action restores the *status quo* as it existed before the action took effect, and that EPA must take a new action to fulfill its duties, it does not follow that this Court should amend its 2012 order. And, while plaintiffs have established previously that EPA's delay in fulfilling its obligations injures them and the public since it defers required action to protect air quality, plaintiffs have not established that reopening the instant proceedings, which concluded nearly two years ago, is the

3

correct legal mechanism for obtaining EPA's compliance. EPA asserts that it complied with the law as it understood it at the time. Plaintiffs offered no objection at that time. A subsequent decision of the United States Supreme Court, nearly a year and a half later, changed the state of the law with respect to the Good Neighbor provisions of the Infrastructure SIP requirements. It is clear enough that EPA should now take action and make findings as to which states are not in compliance with the Good Neighbor provisions. However, the Court declines to exercise its discretion, and set a precedent, in a manner that would stretch Rule 60(b) to fit a situation the rule plainly does not contemplate: reopening litigation post-judgment due to a change in the law.

As the parties acknowledge, plaintiffs can bring a new action to enforce EPA's mandatory duty concerning the Good Neighbor provision relative to the 2008 ozone NAAQS (and, indeed, may have done so already). While the Court acknowledges that additional litigation to force EPA's compliance with its undisputed mandatory duties as set forth in this Court's prior order would needlessly use judicial, agency, and party resources, that ill cannot be cured by simply amending the Court's orders here.

### III. CONCLUSION

Accordingly, the Motion to Modify Judgment is **DENIED**.

This terminates Docket No. 90.

**IT IS SO ORDERED.**

Dated: November 10, 2014

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT